IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THIS AND THAT SERVICES CO. INC., | § | |
| | § | No. 326, 2022 |
| | § | |
| Appellee-Employer Below, | § | Court Below: Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. S21A-11-004 |
| | § | |
| RAYMOND NIEVES, | § | |
| | § | |
| Appellant-Claimant Below, | § | |
| Appellee. | § | |

Submitted: September 22, 2022
Decided: October 11, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    This and That Services Co. Inc. (the "Employer") filed this appeal from a memorandum opinion and order of the Superior Court dated August 10, 2022, in an appeal from a decision of the Industrial Accident Board (the "Board"). The Board's decision had determined that narcotic medication for Raymond Nieves was not reasonable and necessary after June 13, 2017, and therefore was not compensable

by the Employer.[1]  Nieves appealed to the Superior Court, and the Superior Court held that the sole issue that was properly before the Board was whether a June 2017 prescription for narcotic medication was medically warranted.  The court therefore reversed the Board's decision and remanded for the case to be dismissed, without prejudice to either party's right to contest medical bills that might be presented for periods after June 2017.[2]

(2)     The Superior Court entered its memorandum opinion and order on August 10, 2022.  Later that day, Nieves filed an application seeking an award of attorneys' fees under 19 *Del. C.* § 2350(f).[3]  The Employer filed an opposition to the fee application on August 22, and Nieves filed a reply on August 26.  The fee application remains pending in the Superior Court.  The Employer filed this appeal on September 9, 2022.  The Senior Court Clerk issued a notice directing the Employer to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

---

[1] *Nieves v. This & That Servs. Co.*, C.A. No. S21A-11-004, Exhibit to Docket Entry No. 11 (Del. Super. Ct. filed Mar. 1, 2022) (Board decision dated Oct. 18, 2021).

[2] *Nieves v. This & That Servs. Co.*, 2022 WL 3225283 (Del. Super. Ct. Aug. 10, 2022).

[3] That section provides: "The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal.  Such fee shall be taxed in the costs and become a part of the final judgment in the cause and may be recovered against the employer and the employer's insurance carrier as provided in this subchapter."  19 *Del. C.* § 2350(f).

(3)     In response to the notice to show cause, the Employer argues that the Superior Court's August 10 order "reads as the Court's final act" because it "reversed the underlying Decision of the Industrial Accident Board and remanded the matter for the Board to summarily enter dismissal of Employer's Petition." The Employer contends that "nothing in the language of the Supreme Court Rules indicate[s] that a subsequent motion for attorney's fees converts an otherwise final order into an interlocutory order." The Employer asserts that because Nieves did not raise the issue of attorneys' fees before the issuance of the Superior Court's decision and the Superior Court's decision did not address the issue of fees, the application for attorneys' fees is an "ancillary issue" and the Superior Court's August 10 order is final and appealable.

(4)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of a trial court's final judgment.[4] "An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[5] This court has repeatedly held that an order is not final and appealable

---

[4] *CCSB Fin. Corp. v. Totta*, 2022 WL 4124751, at *1 (Del. Sept. 12, 2022); *Roos Foods v. Guardado*, 2016 WL 1222170, at *1 (Del. Mar. 28, 2016).

[5] *Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022); *see also Gaffin v. Teledyne, Inc.*, 1991 WL 181488, at *1 (Del. Aug. 23, 1991) ("An order is final and ripe for appeal when the trial court has clearly declared its intention that the order be the court's final act in a case." (internal quotations omitted)).

if the trial court has not ruled on an outstanding application for attorneys' fees.[6]  In *Roos Foods v. Guardado*, for example, this Court dismissed an appeal from a Superior Court opinion affirming the Industrial Accident Board's denial of an employer's petition for termination of benefits.  The Court determined that the appeal was interlocutory because the employee had filed a fee application under 19 *Del. C.* § 2350(f) following the issuance of the Superior Court's decision and the application remained outstanding in the Superior Court when the employer filed the notice of appeal in this Court.[7]

(5)    After careful consideration, we conclude that this appeal must be dismissed as interlocutory.  Nieves's fee application was outstanding when the Employer filed the appeal and remains so now.  The Employer was therefore required to comply with the provisions of Rule 42 or await the Superior Court's entry of a final order.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *E.g.*, *Roos Foods*, 2016 WL 1222170, at *1 & n.4 (citing cases).
[7] *Id.* at *2.  *See also Roos Foods v. Guardado*, No. 87, 2016, Docket Entry No. 9 (Del. filed Mar. 10, 2016) (stating that fee application under 19 *Del. C.* § 2350(f) was filed in Superior Court on January 27, 2016, one day after the Superior Court's decision that was the subject of the Supreme Court appeal).